LAW OFFICE OF DELVIS MELENDEZ P.C
ATTORNEY FOR PLAINTIFF
90 BRADLEY STREET
BRENTWOOD, NEW YORK, 11717
631-434-1443
631-434-1443 FAX
DELVIS MELENDEZ, ESQ.

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   JAN 17 2017   ★

LONG ISLAND OFFICE

DISTRICT COURT OF THE STATE OF NEW YORK
EASTERN DISTRICT OF NEW YORK

CV-17 242

-------------------------------------------------------------------------------X

HAKAN FIGENGUL
On behalf of himself and others similarly situated

                    Plaintiff,

        -against-

KARDESH PETROLEUM INC.,
DINCER OCAK
In his individual capacities

                    Defendants.
-------------------------------------------------------------------------------X

HURLEY, J.

TOMLINSON, M

**COMPLAINT**

Plaintiff, HAKAN FIGENGUL, on behalf of himself and on behalf of all other

persons similarly situated, by and through his attorneys, Delvis Melendez, Esq.

complaining of the Defendants, allege as follows:

NATURE OF THE
ACTION

1.      Defendants have profited at the expense of their employees who performed

labor for Defendants' gas station by failing to pay Plaintiff overtime wages for hours worked in

excess of forty hours per week in violation of the Fair Labor Standards Act, 29 U.S.C. §201 et

seq., ("FLSA"), and the New York Labor Law Articles 6 and 19, §650 et seq., and

the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142

("NYLL").

## JURISDICTION AND
## VENUE

2.       This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

3.       In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216(b).

4.       Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391

5.       Defendants do business in the State of New York, within the Eastern District of New York, and maintain a place of business at 1675 Islip Ave. Islip, New York.11751.

## PARTIES

6.       The Plaintiff, Hakan Figengul("FIGENGUL"), is a resident of the County of Suffolk, State of New York.

7.       At all times relevant to the complaint, Plaintiff FIGENGUL, was and still is an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

8.       Plaintiff FIGENGUL was employed by the Defendants as a gas station attendant from in or about June 2016 until on or about December 24, 2016.

9.       At all times relevant to the complaint, Plaintiff FIGENGUL was and still is an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

10.     Defendant KARDESH PETROLEUM INC., was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York and is owned by the Defendant, DINCER OCAK.

11.     Upon information and belief, the Defendants KARDESH PETROLEUM INC., and DINCER OCAK (collectively "Defendants") are and/or were doing business as PETRO MARKET.

12.     The Defendant, DINCER OCAK, resides in Nassau County, New York and owns and/or operates KARDESH PETROLEUM INC, located at 1675 Islip Ave. Islip N.Y. 11751..

13.     The Defendant, DINCER OCAK, is the President or Chief Executive Officer of KARDESH PETROLEUM INC.

14.     The Defendant DINCER OCAK is a shareholder of the Defendant KARDESH PETROLEUM INC.

15.     The Defendant DINCER OCAK has authority to make payroll and personnel decisions for the Defendant KARDESH PETROLEUM INC.

16.     The Defendant, DINCER OCAK is active in the day to day management of the corporate defendant, including the payment of wages to the Plaintiff and determining what wages· were paid to Plaintiff.

17.     The Defendant, DINCER OCAK, as a result of his position as manager and/or owner of the corporate defendant is liable to Plaintiff as an "employer" within the meaning of federal and state law for the unpaid wages Plaintiff seeks to recover.

## FACTS

18.     Defendants are engaged in running of a gas station and convenience store.

3

19.    Plaintiff F I G E N G U L worked as a laborer for Defendants from in or about June 2016 until on or about December 24, 2016.

20.    The Defendants had control over the conditions of Plaintiff's employment, work schedule, the rates and methods of payment of Plaintiff's wages and the maintenance of their employment records.

21.    From June until December 2016, Plaintiff regularly worked from 9:00-10:00 a.m. to 12:00 p.m., seven days per week.

22.    At the beginning of December 2016, Plaintiff's hours changed to 3:00 p.m. to 12:00 p.m., seven days per weeks.

23.    Plaintiff was paid $9.00 per hour during the course of his employment.

24.    Plaintiff worked more than forty hours in most work weeks in which he was employed by the Defendants, but he was not paid overtime pay.

25.    Defendants failed to pay Plaintiff a premium for time worked in excess of forty (40) hours per week throughout the entire term of Plaintiff's employment with the Defendants.

26.    Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate records of the hours worked by and wages paid to Plaintiff.

27.    Defendants paid Plaintiff, in cash, without providing an accurate indication as to their rate of pay, the hours worked each day, and the total number of hours worked each week.

28.    Defendants unlawfully failed to pay Plaintiff proper compensation in violation of NYLL Article 6, 190 et seq. and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142.

## COLLECTIVE ACTION ALLEGATIONS

29.    At all relevant times, Plaintiff and the other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay    at a rate of one and one-half times their regular hourly rate for all hours worked in excess of forty (40) each week.

30.    Upon information and belief, there are many current and former employees who are similarly situated to the plaintiff, who have been underpaid in violation of the FLSA. The named plaintiff is a representative of those other workers and is acting on behalf of the defendants' current and former employees' interests as well as his own interest in bringing this action.

31.    Plaintiff seeks to proceed as a collective action pursuant to 29 US.C. §216(b) on behalf of h i m s e l f and all similarly situated persons who work or have worked for defendants at any time during the three (3) years prior to the filing of their respective consent forms.

32.    The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant.   These similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. §216(b). Unless the Court promptly issues such a notice, persons similarly situated to the plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by

the defendants.

## FIRST CLAIM FOR RELIEF

## (FAIR LABOR STANDARDS ACT)

33.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

34.     Defendants employed plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

35.     The complete records concerning the number of hours worked by the plaintiff as well as the compensation plaintiff received in workweeks in which excess hours were worked are in the exclusive possession and control of the defendants, and as such, the plaintiff is unable to state at this time the exact amount due and owing to him.

36.     Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

37.     Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

38.     At all relevant times, Plaintiff and other similarly situated current and former employees of defendants were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

39.     The overtime wage provisions set forth in §201 et seq. of the FLSA apply to the defendants.

40.     At all relevant times, Plaintiff was an employee within the meaning of 29 U.S.C. §§203(e) and 207(a).

41.     Defendants have failed to pay Plaintiff and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

42.     Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.   Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated current and former employees.

43.     Because defendants' violations of the FLSA have been willful, a three- year statute of limitations applies, pursuant to 29 U.S.C. §255.

44.     As a result of defendants' willful violations of the FLSA, Plaintiff and all others employees of Defendants from 2014 to present have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §201 et seq.

45.     As a result of defendants' unlawful acts, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF

## (NEW YORK LABOR LAW: UNPAID OVERTIME WAGES)

46.     Plaintiff alleges and incorporates by reference all allegations i n all preceding paragraphs.

47.     At all relevant times, Plaintiff was an employee and Defendants have been an employer within the meaning of the New York Labor Law.

48.     The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to the defendants.

49.     Defendants employed plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of New York Labor Law.

50.     The complete records concerning the number of hours worked by the plaintiff as well as the compensation plaintiff received in workweeks in which excess hours were worked are in the exclusive possession and control of the defendants, and as such, the plaintiff is unable to state at this time the exact amount due and owing to them.

51.     Defendants have failed to pay Plaintiff overtime wages to which they were entitled under the New York Labor Law.

52.     By defendants' failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week, it has willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

53.     Due to defendants' violations of the New York Labor Law, Plaintiff is entitled to recover from defendants his unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF

## NEW YORK LABOR LAW SPREAD OF HOURS PROVISIONS

54.     Plaintiff alleges and incorporates by reference all allegations i n all preceding paragraphs.

55.     Defendants willfully, knowingly and/or recklessly violated the provisions of the NYLL which require an employer to provide employee with one hour's pay at the basic

8

minimum wage required for day where the spread of hours exceeds ten hours or there is a split shift or both situations occur. See N.Y. COMP.CODES R & REGS. Tit. 12 sec. 142-2.4, 142.20.

56. Plaintiff and all other similarly situated present and former employees did not receive the spread of hours pay required under New York State Labor Law.

57. Due to Defendants' violation of the New York Labor Law, Plaintiff and all others similarly situated present and former employees are entitled to an additional hour of pay at the minimum wage for each day worked in excess of ten hours.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually and on behalf of all other similarly situated persons, pray for the following relief:

(i) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(ii) Unpaid wages and additional and equal amounts as liquidated damages for violations of Article 19 sec. 650.

(iii) Unpaid wages and additional and equal amounts as liquidated damages for violations of Article 6 sec. 193 and supporting New York State Department of Labor Regulations 12 N.Y.C. R.R part 146-1.7 146-1.8

(iv) Certification of this case as a collective action under 29 U.S.C. §216(b);

(v) Damages in an amount to be determined at trial for Defendants' violation of New York State Labor Law §196-d;

(vi) All attorneys' fees and costs incurred in prosecuting these claims; and

(vii) Such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial

by jury on all questions of fact raised by the Complaint.

Dated: Brentwood, New York
January 17, 2017

LAW OFFICES OF DELVIS MELENDEZ, P.C.

s/s Delvis Melendez, Esq.
90 BRADLEY STREET
BRENTWOOD, NEW YORK, 11717
631-434-1443

1